Kristin A. Zilberstein, Esq. WSBA #47798
GHIDOTTI BERGER
1920 Old Tustin Ave.
Santa Ana, CA 92705
Ph: (949) 427-2010
Fax: (949) 427-2732
kzilberstein@ghidottiberger.com

Attorney for Secured Creditor
HMC ASSETS, LLC SOLELY IN ITS CAPACITY AS SEPERPATE TRUSTEE OF THE CAM XIV TRUST

UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF WASHINGTON

TACOMA DIVISION

| | |
|---|---|
| In Re:<br>Sean Michael Rebar<br>Tracie Lee Rebar<br><br><br><br>Debtor. | CASE NO.: **18-43651**<br><br>CHAPTER 13<br><br>**OBJECTION TO CHAPTER 13 PLAN**<br><br>**341(a) Meeting of Creditors:**<br>Date: 11/29/2018<br>Time: 10:00AM<br>Place: 1717 Pacific Avenue, Ste 2100<br>Tacoma, WA 98402-3233<br><br>**Confirmation Hearing:**<br>Date: 01/09/2019<br>Time: 1:30PM<br>Ctrm: I<br>Place: 1717 Pacific Avenue, Ste 2100<br>Tacoma, WA 98402-3233<br><br>Judge: Brian D Lynch |

TO ALL PARTIES IN INTEREST AND TO THEIR ATTORNEYS OF RECORD:

HMC Assets, LLC solely in its capacity as Separate Trustee of Cam XIV Trust, ("Secured Creditor") in the above-entitled Bankruptcy proceeding, hereby submits the following Objections to Confirmation of the Chapter 13 Plan proposed by ("Debtor") Sean and Tracie Rebar.

Secured Creditor is entitled to receive payments pursuant to a Promissory Note which matures on 09/21/20007 and is secured by a Deed of Trust on the subject property commonly known as 19408 67th Street Court East, Bonney Lake, WA 98391.. As of 10/28/18, the approximate amount in default was $96,485.72, as will be described in the forethcoming Proof of Claim filed by Secured Credito prior to the bar date; Secured Creditor files this Objection to protect its interests.

## **ARGUMENT**

Under 11 U.S.C. §1325, the provisions for plan confirmation in a Chapter 13 have been set. Unless otherwise ordered, under 11 U.S.C. § 1326(a)(1), the Debtor shall commence making the payments proposed by the Plan within 30 days after the Petition is filed. The Plan must comply with all applicable provisions of 11 U.S.C. § 1325 to be confirmed. Based on the foregoing, as more fullyg detailed below, the Plan cannot be confirmed as proposed.

### **A. IMPERMISSIBLY MODIFIES SECURED CREDITOR'S RIGHTS**

Under 11 U.S.C. §1322(b)(2), a Plan that modifies the rights of a creditor whose claim is secured only by a security interest in real property that is debtor's principal residence is impermissible. The plan only lists $93,520.05 in arrears when the actual arrears are $96,485.72. That reduction in arrears is an inpermissable modification. The proposed Plan also does not set forth a reasonable schedule and time period for the payment of the arrearages owed to Secured Creditor because, in addition to the reduction in amount of arrears, by the plan's own terms the payments set forth are not sufficient to cure arrears  Therefore, the Plan is not feasible.

////

////

////

## B. DEBTOR'S PROPOSED CHAPTER 13 PLAN FAILS TO PROVIDE FOR EQUAL MONTHLY PAYMENTS TO SECURED CREDITOR

The Debtor must pay the creditor the secured value of the lien in equal installments over the life of the plan, and not, as Debtor proposes, hopefully pay the value of the secured lien midway through the plan after a sale or refinance. 11 U.S.C. 1325(a)(5)(B) "requires bankruptcy courts to ensure that the property to be distributed to a particular secured creditor over the life of a bankruptcy plan has a total "value, as of the effective date of the plan," that equals or exceeds the value of the creditor's allowed secured claim." *Till v. SCS Credit Corp.*, 541 U.S. 465, 474 (U.S. 2004). Debtor's Plan offers secured creditor payments that the plan itself calls "insufficient" to provide for full payment of arrears and property taxes for 36 months. Even more to the point, 11 U.S.C. 1325(a)(5)(B)(iii)(I) states, "property to be distributed pursuant to this subjection is in the form of periodic payments, such payments shall be in equal monthly amount."

The Plan provides that Debtor will sell or refinance the subject property. He has given himself 3 years to complete the refiance or sale all while making payments "insufficient" to cover arrears and property taxes. As a result, Secured Creditor will have an even larger default if the refinance or sale is complete. Thus, the Plan is not feasible and cannot be confirmed.

////
////
////
////

## C. THE PLAN IS NOT CONFIRMABLE BECAUSE IT IS SPECULATIVE

Debtor proposes to pay the full secured claim to Secured Creditor by selling the subject property, refinancing the property or amending the plan by the end of the 37th month of the plan. Secured Creditor objects to this provision as it is too speculative and is not allowed under the Bankruptcy Code and current case law. First, it is not allowed for all the reasons stated above related to required equal monthly payments towards the secured claim value.

Second, it is too speculative to just state in a plan that the Debtor will try to refinance or sell the properties in order to pay the secured claim.

Secured Creditor objects to this treatment as speculative and prejudicial. Debtor may not premise the cure of Secured Creditor's arrears on a speculative event in the future such as a sale or refinance. Courts have long held that a plan should be not be confirmed where it is proposing a balloon payment or otherwise is contingent on a speculative event to take place in during the life of the plan. See *In Re Gavia* (9th Cir. BAP 1982) 24 BR 573,574; *In Re Nantz* (BC ED MO 1987) 75 BR 617, 618-619; *In Re Fantasia* (1st Cir. BAP 1997) 211 BR 420,424; *In Re Craig* (BC ND OH 1990) 112 BR 224,225.

First, it is unknown if the Debtor will be able to sell the subject property. When the plan proposes to sell or refinance real property in the future, the plan proponent has the burden to produce evidence as to, "past marketing efforts, the state of the market for the subject asset, current sale prospects, the existence and maintenance of any 'equity cushion' in the property, and all other circumstances that bear on whether the creditor will see its way out of the case financially whole." *In re Lindsey*, 183 B.R. 624, 627 (Bankr.D.Idaho 1995), quoting *In re Newton*, 161 B.R. 207, 217-18.

It is well established in the Ninth Circuit that an open-ended Chapter 13 Plan providing for the sale or refinancing of Debtor's property at some point over the term of the plan is unconfirmable, especially where there was no evidence, other than the schedules, as to the fair market value of the property or what the property could actually produce through a sale or refinance. *In re Proudfoot*, 144 B.R. 876 (9th Cir. B.A.P. 1992); *In re Gavia*, 24 B.R. 573 (9th Cir. B.A.P. 1982).

The plan provides that debtors will amend the plan and make payments sufficient to cure arrears if no sale or reinstatement materializes within 37 months. The Plan does not explain how debtors will be able to afford an increased monthly payment after making "insufficient" payments for 3 years. This provision puts the feasibility of the entire Amended Plan in question since it is contingent upon a speculative event. Therefore, the Amended Plan is not feasible.

### D. A BALLOON PAYMENT UNDER THESE CIRCUMSTANCES IS NOT PERMITTED

While courts have confirmed plans with balloon payments, they have not done so on terms so favorable to the debtor. *In re James Wilson Associates*, 965 F.2d 160 (7th Cir. 1992), *In re Boulders on the River, Inc.*, 164 B.R. 99 (9th Cir. BAP 1994), and *In re Industry West Commerce Center LLC* (Case No. 10-10088; 9th Circ. BAP May 24, 2011). With the balloon payment, Secured Creditor bears all of the risk of the sale of the property rather than Debtor. Secured Creditor receives "insufficient" payments while potentially waiting as long as three years for the subject property to sell or refinance. In three years, it is unknown where the real estate market could be. Values may be up, or they could drop dramatically as they did in 2008-2013. Such a balloon payment is not permitted. Therefore, the Plan cannot be confirmed.

## CONCLUSION

Any Chapter 13 Plan proposed by the Debtor must provide for and eliminate the Objections specified above in order to be reasonable and to comply with applicable provisions of the Bankruptcy Code. Secured Creditor respectfully requests that confirmation of the Chapter 13 Plan as proposed by the Debtor be denied.

WHEREFORE, Secured Creditor prays as follows:

1. Confirmation of the Proposed Chapter 13 Plan be denied; or, in the alternative,
2. Debtor's plan be amended to provide for the arrears amount listed in Secured Creditor's filed proof of claim
3. For attorneys' fees and costs herein, and
4. For such other relief as this Court deems proper.

Dated: January 2, 2019                                   GHIDOTTI BERGER

/s/ Kristin A. Zilberstein
Kristin A. Zilberstein, Esq.
Counsel for HMC ASSETS, LLC SOLELY IN ITS CAPACITY AS SEPERPATE TRUSTEE OF THE CAM XIV TRUST

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON, TACOMA

| | |
|---|---|
| In re: | **CHAPTER 13 BANKRUPTCY** |
| Sean Michael Rebar<br>Tracie Lee Rebar | **CASE NO.: 18-43651-BDL** |
| | CERTIFICATE OF SERVICE |
| Debtor. | |

I, Krystle Miller, declare as follows:

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and not a party to the within action. My business is 1920 Old Tustin Ave., Santa Ana, CA 92705.

On *January 2, 2019* I served the foregoing document(s) described as;

- **Objection to Confirmation of Debtors' plan**

The above listed document(s) were served on the interested parties in this action as follows;

*via US Mail:*

Debtor
Sean Micheal Rebar
19408 67th Street Ct E
Bonney Lake, WA 98391-8899

Joint Debtor
Tracie Lee Rebar
19408 67th Street Ct E
Bonney Lake, WA 98391-8899

Trustee
Michael G. Malaier
2122 Commerce Street
Tacoma, WA 98402

Debtor's Counsel
Rafal A Gorski
Attorney at Law
10116 36th Ave Ct SW Ste 206
Lakewood, WA 98499

US Trustee
United States Trustee
700 Stewart St Ste 5103
Seattle, WA 98101

Certificate of Service
Page 1

**GHIDOTTI BERGER**
**KRISTIN ZILBERSTEIN**
**1920 OLD TUSTIN AVE**
**SANTA ANA, CA 92705**
**TELEPHONE (949) 427-2010**

1  ///
   ///
2  ///
3  Dated:  April 4, 2018

4
   /s/Krystle Miller
5  Krystle Miller

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Certificate of Service
Page 2

**GHIDOTTI BERGER**
**KRISTIN ZILBERSTEIN**
**1920 OLD TUSTIN AVE**
**SANTA ANA, CA 92705**
**TELEPHONE (949) 429-2010**

Case 18-43651-BDL    Doc 18    Filed 01/02/19    Ent. 01/02/19 18:23:12    Pg. 7 of 7