Law Offices of Travis A. Gagnier, Inc., P.S.
33507 Ninth Avenue South, Bldg. F
P.O. Box 3949
Federal Way, WA 98063-3949
253-941-0234; gagnierecf@bestbk.com

Judge Mary Jo Heston
CHAPTER 13
Hearing Date: December 6, 2018
Hearing Time: 1:00 p.m.

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

IN RE:

GREINER, James Michael,

Debtor.

No. 18-43364

**DEBTOR'S REPLY to RESPONSE by WILMINGTON SAVINGS FUND and OBJECTION TO WILMINGTON SAVINGS FUND'S REQUEST FOR TELEPHONIC ATTENDANCE**

COMES NOW, the Debtor, by and through his attorney, Travis A. Gagnier, and objects to the request for telephonic attendance by the Wilmington Savings Fund ("Creditor"). LRB 9013(e)(1) requires attendance at scheduled hearings. General rules allow a party to request to appear via telephone, but have generally been applied judiciously to situations involving conflicts with other hearings in the district or hardship of some kind. There is no exigency or circumstance here that requires the telephonic approval. This is not the debtor's motion, but was affirmatively filed by the creditor. The result of the hearing is crucial to the success or failure of the plan.

The Creditor has been aware of Debtor's response to the filed motion for relief since November 6, 2018. Creditor has had ample time to either contact counsel to resolve and/or arrange for travel. The matter at issue is important as it will determine whether the Debtor is able to retain his home or not.

Another issue is that the Creditor has filed multiple filings with incorrect hearing information. The filed motion for relief had a notice stating that the hearing is at 1:00 p.m. and in the same notice references 9:30 a.m. The letter that we are objecting to has the motion for

DEBTOR'S REPLY AND OBJECTION
TO TELEPHONIC APPEARANCE - 1

LAW OFFICES OF TRAVIS
GAGNIER, INC., P.S.
33507 Ninth Avenue South, Bldg. F
P.O. Box 3949
Federal Way, WA 98063-3949
253-941-0234; gagnierecf@bestbk.com

relief set for 1:30 p.m. and the objection to confirmation set for 1:00 p.m. Errors occur, but when the errors are multiple and involved notice, the party giving the notices should be required to re-notice and re-set the improperly noticed hearing

Allowing routine appearance by counsel telephonically is burdensome for the court and appearing counsel. It shifts the equities and relative costs in each such matter so set. Counsel for Debtor must travel to and from the courthouse in Tacoma. That is usually at least an hour total for travel. This travel time is added to the time away from the office when counsel is unable to work on other cases or matters while waiting for the matter to be called on the Court's calendar. Thus, counsel for Debtor will be exclusively engaged for that matter for no less than 2 hours (presuming there are no other matters with which to divide the total time on the same calendar). In the meantime, counsel appearing on the telephone can be working in his or her office with the hearing on speaker working on other matters and only exclusively engaging in the matter for the few minutes of the actual hearing.

Not only is this unfair to the party, in this case the Debtor, appearing in person by imposing more costs and fees by a significant degree on the personally appearing party, but it also discourages the settlement of routine matters by imposing essentially no cost on the party appearing via telephone to have the hearing. After all, the party appearing on the phone is only dedicating 10 or 15 minutes to the matter—about the same time it may take to get the matter resolved without a hearing.

The alternative of allowing all parties to appear via telephone is neither desirable nor anticipated by the current rules. Firstly, such hearing would be technologically difficult and inconvenient for the Court, not to mention the awkwardness of having one party in person and another on a speaker phone. More importantly, however, is that by reducing the costs to the parties of obtaining Court resolution of every matter, the Court's contested calendars would be much longer. The longstanding system of requiring parties to appear and argue their respective

DEBTOR'S REPLY AND OBJECTION
TO TELEPHONIC APPEARANCE - 2

LAW OFFICES OF TRAVIS
GAGNIER, INC., P.S.
33507 Ninth Avenue South, Bldg. F
P.O. Box 3949
Federal Way, WA 98063-3949
253-941-0234; gagnierecf@bestbk.com

position ensures that most routine matters, indeed most matters in total, get resolved prior to having a contested hearing before a court.

Telephonic appearances should be the exception, not the rule, available where there is a *bona fide* conflict with other court proceedings or where there is a demonstrable hardship (not caused by the requesting party or its choice of counsel) that justifies telephonic appearance.

For the reasons stated above, the debtor asks that Creditor's request to appear telephonically at the hearing on Creditor's motion for relief and objection to confirmation be denied. Debtor has not objection to holding the hearing on Creditor's objection to confirmation since confirmation is otherwise on for this date, but Creditor should be required to properly re-notice its Motion of Relief from Stay given the multiple errors in prior pleadings.

Respectfully submitted this 3rd day of December 2018.

/s/ Travis A. Gagnier
Travis A. Gagnier, #26379
Attorney for Debtor

**PROOF OF SERVICE**

I declare under penalty of perjury under the laws of the State of Washington that I filed the original of the foregoing with the United States Bankruptcy Court in Tacoma and served a true copy thereof to:

| | |
|---|---|
| Michael G. Malaier | Wilmington Savings Fund |
| Chapter 13 Trustee | c/o Law Offices of Michelle Ghidotti |

via ECF, and to:

Debtor

via U.S. first-class mail, postage pre-paid, on the 3rd day of December 2018.

/s/ Jennifer Roberts
Jennifer Roberts
Sr. Paralegal

DEBTOR'S REPLY AND OBJECTION
TO TELEPHONIC APPEARANCE - 3

LAW OFFICES OF TRAVIS
GAGNIER, INC., P.S.
33507 Ninth Avenue South, Bldg. F
P.O. Box 3949
Federal Way, WA 98063-3949
253-941-0234; gagnierecf@bestbk.com